IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lisa McDonald,<br>    Plaintiff<br>v.<br><br>Consumerbase LLC, a.k.a Exact Data,<br>Organ Worldwide LLC, and Lawrence<br>Organ,<br>    Defendants | 1:15-cv-06488 |

## COMPLAINT FOR THE VIOLATION OF THE FAIR LABOR STANDARDS ACT, ILLINOIS MINIMUM WAGE LAW, AND ILLINOIS WAGE PAYMENT AND COLLECTION ACT

Plaintiff Lisa McDonald, through her attorneys, brings this Complaint against Defendant Consumerbase LLC, a.k.a. Exact Data, Defendant Organ Worldwide LLC, and Defendant Larry Organ (collectively "Defendants").

## NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), for Defendants' failure to pay the minimum wages for Plaintiff Lisa McDonald. This lawsuit also arises under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay Plaintiff Lisa McDonald her final compensation.

## JURISDICTION AND VENUE

2. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district and as Defendants maintained offices and transacted business within this jurisdiction.

## PARTIES

3. During the relevant time period, Plaintiff Lisa McDonald ("Plaintiff McDonald") has resided in the state of Illinois and within this judicial district where all of the events transpired. Plaintiff McDonald had been an "employee" of Defendants as defined by FLSA, IMWL and IWPCA.

4. During the relevant time period, Defendant Consumerbase, LLC, a.k.a. Exact Data, ("Defendant Consumerbase") is a corporation, and at the time of the Complaint, had its principal place of business and was doing business in Cook County, in the state of Illinois.

5. During the relevant time period, Defendant Organ Worldwide LLC ("Defendant Organ") is a corporation and at the time of the Complaint, had its principal place of business and was doing business in Cook County, in the state of Illinois.

6. During the relevant time period, Defendant Lawrence Organ ("Defendant Lawrence"), is an individual, and at the time of the Complaint, a resident of the state of Illinois and President and CEO of Defendant Consumerbase and Defendant Organ.

## FACTUAL BACKGROUND

7. Prior to her separation from employment with Defendants, Plaintiff McDonald worked as a Data Consultant and was compensated a salary of $55,000 a year, paid on the 15th and last day of each month, as well as a 7 percent commission on all sales she completed for Defendants.

8 The terms of the employment agreement between Plaintiff McDonald and Defendants were solidified in an agreement on or about August 8, 2012. ("McDonald Contract")(A true and correct copy of the McDonald Contract is hereto attached as Exhibit A.)

9. On July 15, 2013, Defendants caused Plaintiff McDonald to suffer and work for eight hours at Defendants' office at 328 S. Jefferson, Chicago, Illinois.

10. On July, 16, 2013, Defendants caused Plaintiff McDonald to suffer and work for eight hours at Defendants' office at 328 S. Jefferson, Chicago, Illinois.

11. On July 17, 2014, Defendants caused Plaintiff McDonald to suffer and work for eight hours at Defendants' office at 328 S. Jefferson, Chicago, Illinois.

12. On July 18, 2014, Defendants caused Plaintiff McDonald to suffer and work for eight hours at Defendants' office at 328 S. Jefferson, Chicago, Illinois.

13. On July 18, 2014, Defendants terminated Plaintiff McDonald from her employment via a termination letter on said date. ("McDonald Letter") (A true and correct copy of the McDonald Letter of termination is hereto attached as Exhibit B.)

14. On July 31, 2014, Plaintiff McDonald did not receive her final paycheck from the Defendants for the four days she worked on July 15, 2013, July 16, 2013, July 17, 2013 and July 18, 2013, which, based on her annual salary of $55,000, would have included $846.20, as well as her commissions of $1470 for sales she had completed for Defendants.

## Count I

### Violation of the Fair Labor Standards Act

15. Paragraphs 1 – 14 are re-alleged and incorporated as though set forth fully herein.

16. This Count arises from Defendants violation of the FLSA, 29 U.S.C. §§ 206-207, for failure to pay Plaintiff McDonald a rate no less than the minimum wage.

17. Plaintiff McDonald was not exempt from the minimum wage provisions of the FLSA.

18. Plaintiff McDonald was entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual workweeks.

19. Defendants permitted Plaintiff McDonald to work and likewise entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual workweeks.

20. Defendants did not pay Plaintiff McDonald anything for all hours worked and, therefore, the federally-mandated minimum wage in individual workweeks.

21. Defendants failure to pay Plaintiff McDonald the federally-mandated minimum wage rate for all hours worked in individual workweeks was a violation of the FLSA.

WHEREFORE, Plaintiff McDonald pray for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the rate paid to Plaintiff McDonald.

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

D. Such other and further relief as this Court deems appropriate and just.

## Count II

### Violation of the Illinois Minimum Wage Law

22. Paragraphs 1 – 14 are re-alleged and incorporated as though set forth fully herein.

23. This Count arises from Defendants violation of the Illinois Minimum Wage Law, for failure to pay Plaintiff McDonald a rate no less than the state minimum wage.

24. Plaintiff McDonald was not exempt from the minimum wage provisions of the IMWL.

25. Plaintiff McDonald was entitled to be paid not less than the state of Illinois mandated minimum wage for all hours worked in individual workweeks.

26. Defendants permitted Plaintiff McDonald to work and likewise entitled to be paid not less than the state of Illinois mandated minimum wage for all hours worked in individual workweeks.

27. Defendants did not pay Plaintiff McDonald anything for all hours worked and, therefore, the state of Illinois mandated minimum wage for all hours worked in individual workweeks.

28. Defendants failure to pay Plaintiff McDonald the federally-mandated minimum wage rate for all hours worked in individual workweeks was a violation of the IMWL.

29. Pursuant to 820 ILCS 105/12(a), Plaintiff McDonald is entitled to recover unpaid wages prior to the filing of this suit.

WHEREFORE, Plaintiff McDonald pray for a judgment against as follows:

A. A judgment in the amount of the difference between the IMWL rate and the rate paid to Plaintiff McDonald.

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL;

D. Such other and further relief as this Court deems appropriate and just.

## Count III

### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages & Commissions

30. Paragraphs 1 – 14 are re-alleged and incorporated as though set forth fully herein.

31. This Count arises from the violation of the IWPCA for Defendants failure to pay Plaintiff McDonald's final wages for all time worked and commissions on completed sales at the rate agreed to by the parties in the McDonald Contract.

32. During the course of her employment with Defendants, Plaintiff McDonald had an agreement with Defendants within the meaning of the IWPCA to be compensated for all hours worked and earned commissions on sales at the rates agreed to in the McDonald Contract.

33. Defendants failure to pay Plaintiff McDonald on her scheduled payday on July 31, 2015 for all time worked at the rate agreed to and commissions on completed sales in the McDonald Contact violated the IWPCA 820 ILCS 115/4.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That the Court declare that Defendants violated the IWPCA;

B. That the Court enjoin Defendants from violating the IWPCA;

C. That the Court order Defendants to pay Plaintiff McDonald's underpayment of wages of $846.20 and earned commissions of $1470;

D. Damages in the amount of 2 % of the underpayment for each month from the date the underpayment was due and remains unpaid;

E. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq.*;

F. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

/s/ Don Villar

Don V. Villar,
Plaintiff's Attorney

**Shaw Legal Services**
**540 W Briar Pl. Suite B**
**Chicago, Il 60657**
**773-549-9500**